

FILED
JUL 27 2010
Clerk, U. S. District Court
Eastern District of Tennessee
At Knoxville

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JAMES E. HILL, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No.: 3:10-CV-324 |
| CF MEDICAL LLC and | ) Phillips/Guyton |
| CAPIO PARTNERS, | ) Jury Trial Demanded |
| Defendants, | ) |

**COMPLAINT**

### I. INTRODUCTION

1. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), in their illegal efforts to collect a consumer debt.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

### III. PARTIES

4. Plaintiff James E. Hill (hereinafter referred to as "Plaintiff") is a natural person who resides in Anderson County, Tennessee and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

1

5. Defendant Capio Partners, LLC (hereinafter referred to as "Defendant Capio") is a for-profit limited liability company organized in Texas, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and a registered foreign business entity doing business in Tennessee that maintains CT Corporation System as its registered agent in Tennessee for service of process.

6. Defendant CF Medical, LLC (hereinafter referred to as "Defendant CF Medical") is a for-profit limited liability company organized in Nevada, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and maintains The Corporation Trust Company of Nevada, 311 South Division Street, Carson City, NV 89703 as its registered agent for service of process.

### IV. FACTUAL ALLEGATIONS

7. In approximately December 2006, Plaintiff incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, for medical transportation services in the amount of $573.25.

8. Prior to January 24, 2010, the debt was consigned, placed or otherwise transferred to Defendants for collection from the Plaintiff, when thereafter Plaintiff received collection communications and was subjected to collection acts from Defendants, all in an attempt to collect this debt.

*January 24, 2010 Collection Letter*

9. Within one year prior to the filing of this Complaint, Defendant Capio sent Plaintiff a collection letter dated January 24, 2010. A redacted copy of this collection letter is filed as Exhibit 1 to this Complaint.

10. The January 24, 2010 collection letter was a "communication" as defined by 15 U.S.C. § 1692a(2).

11. The January 24, 2010 collection letter was sent in connection with collection of the debt and in an attempt to collect the debt.

12. The January 24, 2010 collection letter sent by Defendant Capio stated, among other things, that the outstanding balance of the debt was $573.25, and that:

    (a) "The above referenced past due account owed to RURAL METRO CORPORATION has been sold to CF Medical LLC. Capio Partners has been contracted to collect the outstanding balance." (All capital letters in original)

    (b) "All payments and questions must be directed to Capio Partners because RURAL METRO CORPORATION no longer has the ability to give you CREDIT for your payment." (All capital letters in original)

13. "Collection service" means any person, who directly or indirectly, for a fee, commission, or other compensation, offers to a client or prospective client the service of collecting, or purchasing for collection, accounts, bills, notes or other indebtedness due such client for various debtors. Tenn. Code Ann. § 62-20-102(3).

14. No person shall commence, conduct, or operate any collection service business in this state unless such person holds a valid collection service license issued by the [Collection Service] board under this chapter, or prior state law. Tenn. Code Ann. § 62-20-105(a).

15. Prior to sending the January 24, 2010 collection letter to Plaintiff, Defendant Capio had not been issued a valid collection service license by the Tennessee Collection Service Board that is necessary to legally collect debts in Tennessee.

3

Case 3:10-cv-00324   Document 1   Filed 07/27/10   Page 3 of 7   PageID #: 3

16. Attempting to collect this debt at a time when it was not licensed as a collection service by the Tennessee Collection Service Board was a material false, deceptive and misleading representation or means in connection with collection of the debt by Defendant Capio that it had the legal right to attempt to collect the debt from Plaintiff on behalf of Defendant CF Medical, in violation of 15 U.S.C. §§ 1692e and 1692e(5), amongst other sections of the FDCPA, and this threat to take action that cannot be legally taken would create a false impression in the mind of the least sophisticated consumer that Defendant Capio had the legal right to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), amongst other sections of the FDCPA, and is an unfair means to collect or attempt to collect the debt in violation of 15 U.S.C. § 1692f, amongst other sections of the FDCPA.

### *Summary*

17. The above-detailed conduct by Defendants, including, but not limited to attempting to collect the debt at the time when Defendant Capio was not licensed to legally collect debts in Tennessee, was a false, deceptive, misleading, and unfair communication, act, omission, and/or practice used by Defendants in illegally attempting to collect a debt from Plaintiff in violation of numerous and multiple provisions of the FDCPA including, but not limited to the above-cited provisions of the FDCPA.

### *Respondeat Superior Liability*

18. The acts and omissions of Defendant Capio, and the other debt collectors employed as agents by Defendant CF Medical and who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant CF Medical.

4

19. The acts and omissions by Defendant Capio, and the other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant CF Medical in collecting consumer debts.

20. By committing these acts and omissions against Plaintiff, Defendant Capio, and the other debt collectors were motivated to benefit their principal, Defendant CF Medical.

21. Defendant CF Medical is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors and omissions done in violation of federal law by its collection agents including, but not limited to violations of the FDCPA, in their attempts to collect this debt from Plaintiff.

## V. TRIAL BY JURY

22. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

## VI. CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692 *et seq.*

23. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

24. The foregoing acts and omissions of Defendants constitutes numerous and multiple violations of the FDCPA including, but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 *et seq.*, with respect to Plaintiff.

25. As a result of Defendants' violations of the FDCPA, Plaintiff are entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to

5

$1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff; and

- for such other and further relief as may be just and proper.

07/22/10                                  Respectfully submitted,

**JAMES E. HILL**

_____
Alan C. Lee, Esq.
Attorney for Plaintiff
BPR #012700
P. O. Box 1357
Morristown, TN 37816-1357
(423) 581-0924
info@alanlee.com

# VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF TENNESSEE )
COUNTY OF Anderson )

Plaintiff James E. Hill, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Date: 7-15-2010    By: James E. Hill
                       James E. Hill

Subscribed and sworn to before me this 15TH day of July 2010.

Sharon E. Edwards
Notary Public

[Notary Seal: SHARON E. EDWARDS, STATE OF TENNESSEE, NOTARY PUBLIC, CAMPBELL COUNTY]

7
Case 3:10-cv-00324  Document 1  Filed 07/27/10  Page 7 of 7  PageID #: 7