IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JAMES E. HILL, | ) |
| | ) |
| Plaintiff | ) |
| v. | ) Case No.: 3:10-cv-324 |
| | ) Phillips/Guyton |
| CF MEDICAL, LLC and | ) |
| CAPIO PARTNERS, | ) |
| | ) |
| Defendants. | ) |

## ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

Defendant Capio Partners, LLC, incorrectly referenced as "Capio Parners" in the Complaint, ("CAPIO") submits this, its Answer and Affirmative Defenses to Plaintiff's Complaint, and states as follows:

### INTRODUCTION

1.　In response to the allegations in ¶ 1 of the Complaint, CAPIO admits that plaintiff purports to seek redress for alleged violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), but denies violating the FDCPA and denies any liability or wrongdoing under the law.

### JURISDICTION AND VENUE

2.　CAPIO admits the allegations in ¶ 2 of the Complaint for jurisdiction purposes only.

3.　CAPIO admits the allegations in ¶ 3 for venue purposes only.

## PARTIES

4. CAPIO denies the allegations in ¶ 4 of the Complaint for lack of knowledge or information sufficient to justify a belief as to the truth thereof.

5. CAPIO admits that it is a limited liability company organized in Texas and maintains CT Corporation System as its registered agent in Tennessee for service of process. CAPIO also admits only that when it acts as a debt collector as defined by 15 U.S.C. § 1692a(6), its debt collection efforts may be regulated by certain provisions of the FDCPA. Except as specifically admitted, the allegations of ¶ 5 are denied.

6. CAPIO denies the allegations in ¶ 6 of the Complaint for lack of knowledge or information sufficient to justify a belief as to the truth thereof.

## FACTUAL ALLEGATIONS

7. CAPIO denies the allegations in ¶ 7 of the Complaint for lack of knowledge or information sufficient to justify a belief as to the truth thereof.

8. CAPIO admits that an account in the name of James Hill was placed with it for the purpose of collections prior to January 24, 2010. Except as specifically admitted, the allegations of ¶ 8 are denied.

9. CAPIO admits a letter was sent to Plaintiff on or about January 24, 2010. Except as specifically admitted, the allegations of ¶ 9 are denied.

10. Paragraph 10 of the Complaint directs no allegations at CAPIO and contains only a conclusion of law to which no answer is required. To the extent an

answer is required, CAPIO denies the allegations of ¶ 10 as calling for a legal conclusion.

11. The January 24, 2010 collection letter speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 11 state otherwise, they are denied.

12. The January 24, 2010 collection letter speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 12 state otherwise, they are denied.

13. Paragraph 13 of the Complaint directs no allegations at CAPIO and contains only a conclusion of law to which no answer is required. To the extent the allegations in ¶13 require a response, they are denied.

14. Paragraph 14 of the Complaint directs no allegations at CAPIO and contains only a conclusion of law to which no answer is required. To the extent the allegations in ¶14 require a response, they are denied.

15. CAPIO admits that it was not issued a collection service licenses by the Tennessee Collection Service Board on or before January 24, 2010. Except as specifically admitted, CAPIO denies the allegations of ¶ 15.

16. CAPIO denies the allegations in ¶ 16 of the Complaint.

## SUMMARY

17. CAPIO denies the allegations in ¶ 17 of the Complaint.

## RESPONDEAT SUPERIOR LIABILITY

18. CAPIO denies the allegations in ¶ 18 of the Complaint.

19. CAPIO denies the allegations in ¶ 19 of the Complaint.

20. CAPIO denies the allegations in ¶ 20 of the Complaint.

21. CAPIO denies the allegations in ¶ 21 of the Complaint.

## TRIAL BY JURY

22. Paragraph 22 of the Complaint directs no allegations at CAPIO and contains only a conclusion of law to which no answer is required.

## CAUSES OF ACTION

### COUNT I

**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

23. CAPIO repeats its answers to the allegations set forth in the preceding paragraphs 1-22 as if same were set forth herein at length.

24. CAPIO denies the allegations in ¶ 24 of the Complaint.

25. CAPIO denies the allegations in ¶ 25 of the Complaint.

AND NOW, in further Answer to the Complaint, CAPIO avers as follows:

### FIRST AFFIRMATIVE DEFENSE

One or more of the Counts contained in the Complaint fail to state a claim against CAPIO upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Pursuant to 15 U.S.C. § 1692k(c), to the extent that a violation(s) is established and in the event CAPIO is found to be a debt collector as defined in FDCPA, which is specifically denied, any such violation(s) was not intentional

and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

WHEREFORE, Defendant CAPIO prays that this action be dismissed with prejudice and at Plaintiff's costs, and further that CAPIO be awarded its costs and attorneys fees and any other appropriate relief.


Dated: August 30, 2010.

s/ R. Dale Bay
R. Dale Bay, Esq. (BPR No. 10896)
Lewis, King, Krieg & Waldrop, P.C.
424 Church Street, Suite 2500
P. O. Box 198615
Nashville, TN 37219
Telephone: (615) 259-1366
Facsimile: (615) 259-1389
E-mail: dbay@lewisking.com

Attorneys for Defendant Capio Partners, LLC

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 30, 2010 I electronically filed a true and exact copy of the above and foregoing ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

**Alan C. Lee, Attorney**
**PO Box 1357**
**Morristown, TN 37816-1357**
**info@alanlee.com**

 s/    R. Dale Bay
R. Dale Bay, Esquire
E-mail: dbay@lewisking.com